UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
23–34 94th St. Grocery Corp., Kissena Blvd. :
Convenience Store, Inc., New York Association of :
Convenience Stores, New York State Association :
of Service Stations and Repair Shops, Inc., :
Lorillard Tobacco Company, Philip Morris USA :
Inc., and R.J. Reynolds Tobacco Co., Inc., :
:
          Plaintiffs, :
:
v. : 10 CV 4392 (JSR)
:
New York City Board of Health, New York City :
Department of Health and Mental Hygiene, New :
York City Department of Consumer Affairs, :
Dr. Thomas Farley, in his official capacity as :
Commissioner of the New York City Department :
of Health and Mental Hygiene, and Jonathan :
Mintz, in his official capacity as Commissioner of :
the New York City Department of Consumer :
Affairs, :
:
          Defendants. :
:
---------------------------------------------------------------x

**REPLY MEMORANDUM IN SUPPORT OF MOTION
OF AMERICAN LEGACY FOUNDATION, ET AL.,
<u>FOR LEAVE TO FILE AN AMICI CURIAE MEMORANDUM[1]</u>**

This is a case of substantial public importance in which the outcome will likely affect the health—indeed the lives—of thousands of residents of New York City. Tobacco use is the leading cause of preventable death in New York City and the country. In light of this serious

---

[1] In their original memorandum and notice of motion, proposed *amici* misstated the name of one of the movants, which is the American Academy of Pediatrics (not American Association of Pediatrics). In addition, the American College of Preventive Medicine joins the motion for leave to file an *amicus* brief.

public-health problem, and the continued difficulty of making inroads on tobacco use, the New York City Board of Health has required the posting of visible and vivid health warnings about smoking at the places where tobacco products are sold.

Movants are 25 well-known and highly regarded public-health research and advocacy organizations that have extensive experience in the field of tobacco control as well as other complex public health problems.  For example, Movants include the American Legacy Foundation (a non-profit public health organization created as a result of the 1998 Master Settlement Agreement between 46 States and the tobacco industry); the American Medical Association (the largest professional association of physicians, residents and medical students in the country); and the American Lung Association (the nation's oldest voluntary health organization, with over 400,000 volunteers in the United States).  Movants have experience with what works in countering stubborn public health problems such as tobacco use.  They are familiar with, and propose to provide this Court with, the scientific evidence demonstrating that the key elements of the warnings mandated by the Board of Health are both necessary and effective in combating the purchase and use of tobacco products.  They also propose to explain to the Court how these health warnings are similar to other kinds of warnings that have long been considered unexceptionable in the area of public health.

Plaintiffs describe the issues in this case as "pure issues of law," Pls'. Opp. at 4, thus implying that empirical information can be of no use to the Court.  But Plaintiffs overlook the nature of the inquiry before the Court.  Plaintiffs have argued that strict scrutiny applies to the mandated health warning.  Under that submission (with which movants disagree), a central question would be whether the mandated health warnings are necessary to a compelling governmental interest, and so the validity of the Board of Health's measures might well depend

on the extent to which those measures are needed to advance the City's compelling public health interest in reducing tobacco use—a point to which the scientific evidence is relevant. And if (as movants believe) a more relaxed standard of review applies here, scientific evidence about the necessity and efficacy of measures such as those that the Board has adopted will still be relevant to the First Amendment question.

It is true, as Plaintiffs suggest, that movants support the City's position in this case and intend to argue that the required health warnings should be upheld. And movants, like Plaintiffs, expect the City to marshal the relevant legal arguments in support of the challenged regulations. But it does not follow that, in a case of this exceptional significance, movants' presentation will not assist the Court in its resolution of this case. As then-Judge (now Justice) Alito has observed with respect to allowing *amicus* participation:

> Even when a party is very well represented, an amicus may provide important assistance to the court. Some amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group. … Accordingly, denying motions for leave to file an amicus brief whenever the party supported is adequately represented would in some instances deprive the court of valuable assistance.

*Neonatology Assocs. v. Commissioner of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (citation and internal quotation marks omitted).

Experience teaches, moreover, that participation by an *amicus* can be helpful to a court, especially where the *amicus* offers the court a perspective that is broader than, or at least different from, that of the party being supported. *See, e.g., Johnson v. California*, 543 U.S. 499, 509 (2005) (noting with approval argument by *amici* that racial integration of prisons tends to diminish, rather than increase, racial tension); *Grutter v. Bollinger,* 539 U.S. 306, 330-332

(2003) (noting with approval submissions by *amici* in support of recognizing student body diversity as an important governmental interest); *Teague v. Lane*, 489 U.S. 288, 300-301 (1989) (relying on arguments raised by *amici* against allowing retroactive application of new criminal-procedure decisions on habeas corpus).  Indeed, Plaintiffs acknowledge that movants' participation as *amici* would be entirely appropriate in an appellate court; they apparently seek only to deprive *this* Court of the information in movants' proposed brief.  *See* Pls.' Opp. at 4 ("Their *amicus* participation is better left for those fora.").

In sum, movants believe that they have a perspective in this case that is distinct from that of the Defendant, and that they can provide the Court with useful information.  Accordingly, movants' request for leave to file an *amici curiae* memorandum should be granted.

Dated: New York, New York
       August 5, 2010

Respectfully submitted,

By: /s/ Jeremy S. Winer
    Patrick J. Carome (admitted *pro hac vice*)
    Paul R.Q. Wolfson (admitted *pro hac vice*)
    WILMER CUTLER PICKERING
    HALE AND DORR LLP
    1875 Pennsylvania Avenue NW
    Washington, DC 20006
    202.663.6000 (tel)
    202.663.6363 (fax)

    Jeremy S. Winer (JW 8823)
    WILMER CUTLER PICKERING
    HALE AND DORR LLP
    399 Park Avenue
    New York, New York 10022
    212.230.8800 (tel)
    212.230.8888 (fax)

    *Attorneys for American Legacy Foundation, et al.*