# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Miguel A. Estrada
Direct: 202.955.8257
Fax: 202.530.9616
MEstrada@gibsondunn.com

November 8, 2010

The Honorable Jed S. Rakoff
The Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  23–34 94th Street Grocery Corp., et al. v. New York City Board of Health, et al., 10-cv-4392 (JSR):  Requested briefing regarding the term "promotion" in 15 U.S.C. § 1334(b)

Dear Judge Rakoff:

Plaintiffs respectfully submit this reply in response to the Court's request for briefing during the October 20, 2010 oral argument. Much of the City's November 3, 2010 brief ("City Br.") does not respond to the Court's question about the meaning of "promotion" in 15 U.S.C. § 1334(b). See Hearing Tr. 22:17–19 ("I will allow both sides if they want to, to put in a letter brief . . . solely on the issue of promotion."). In limiting their comments to that single issue, Plaintiffs did not present a "moving target," but rather followed the Court's directive.

The City argues that the requirement that three-square-foot signs be posted with cigarette product displays is not preempted because the displays are not "promotion." To the City, an activity qualifies as "promotion" only if it "add[s] extra value to the consumers' underlying purchase." City Br. at 3 (quoting one sentence of *Jones v. Vilsack*, 272 F.3d 1030, 1037 (8th Cir. 2001)). In other words, the activity must make cigarettes cheaper or give away some item of value to the consumer. The City's interpretation of "promotion" is unsupported by text, judicial authority, or common sense.

As an initial matter, the City's narrow definition of "promotion" simply is not what "promotion" means in the English language. To promote is to "further[ ] the growth or development of something; especially: the furtherance of the acceptance and sale of merchandise through *advertising, publicity, or discounting*." See *Jones*, 272 F.3d at 1036 (quoting *Merriam-Webster's Collegiate Dictionary*) (emphasis added). The City provides no explanation as to why "promotion" should arbitrarily be limited to one component of that definition—"discounting." Beyond that, such a narrow definition of "promotion" ignores its common usage in the context of cigarettes. The United States Surgeon General has acknowledged that point-of-sale displays are a core form of cigarette promotion. See *Preventing Tobacco Use Among Young People: A Report of the Surgeon General* 159–60 (1994). The Eighth Circuit quoted this passage directly in *Jones*, and, since the *Jones* decision, courts seeking to define the "promotion of cigarettes" have turned to the Surgeon General's report for guidance. See *Jones*, 272 F.3d at 1035; *R.J. Reynolds Tobacco Co. v. McKenna*, 445 F. Supp. 2d 1252, 1255 (W.D. Wash. 2006). Other than its desire to avoid preemption in this case, the City has offered no reason to depart from this well-trod path.

# GIBSON DUNN

The City also contends that the Resolution is not a "requirement . . . with respect to the . . . promotion of . . . cigarettes" because a retailer may choose to post a sign at each cash register, instead of posting a sign with cigarette product displays. Plainly, a state or local government regulation does not escape preemption by directly mandating a health warning attached to private promotional activity and then giving private citizens an "out" if they "choose" to engage in some other compulsory conduct. The City's argument demonstrates a fundamental misunderstanding of the phrase "with respect to" in section 1334(b). As a matter of plain meaning, a requirement is "with respect to" promotion if it is "with reference to" a promotional activity. Webster's Third New International Dictionary 1934 (2002). The Supreme Court and the Second Circuit have underscored the breadth of this phrase. *See, e.g., Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 545–46 (2001); *Vango Media, Inc. v. City of New York*, 34 F.3d 68, 73–74 (2d Cir. 1994). The requirement to post supplemental health warnings at each cigarette display or at each register, if nothing else, is "with reference to" the promotional activity of displaying cigarettes.

Moreover, the City's argument would create an exception to preemption so wide that it would swallow the Labeling Act's preemption provision entirely. If the City were correct, then it could freely regulate "promotion" simply by giving retailers the choice to alter tobacco product displays, or to pay an additional $20 per-pack fee, or to stop selling cigarettes altogether. *See Speiser v. Randall*, 357 U.S. 513 (1958) (governments may not condition the amount of tax payments on conduct it is prohibited from requiring). Allowing states and localities to accomplish a forbidden objective by making a preempted requirement an option among undesirable alternatives would render section 1334(b) a dead letter.

In any event, the City's logic is especially empty given that there are so many other reasons why the Resolution is preempted. The Resolution's requirement that private parties supplement Congress's decision on the appropriate smoking and health warnings—a measure explicitly intended to counteract cigarette advertising and using the medium of advertising itself to communicate with consumers—is "with respect to the advertising or promotion of . . . cigarettes" no matter where in a retail establishment the additional warnings are required to be placed. *See* Pl. Opening Br. at 14–16; Reply at 5–11.

Finally, the City asks the Court to sever the Resolution so that the City can continue to require the posting of the signs at each cash register. By enacting the Resolution, the City seeks to supplant Congress's judgment about the cigarette health warnings that private parties should be required to make, a result that section 1334(b) forbids. Severance would not cure this pervasive defect. *See New York State Superfund Coal. v. New York State Dep't of Envtl. Conservation*, 75 N.Y.2d 88, 94, 550 N.Y.S.2d 879, 881–82 (1989).

Respectfully submitted,

*Miguel A. Estrada*

Miguel A. Estrada

cc:   All Counsel of Record

2